**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4682**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ALFREDO VERGARA-ESCOBAR, a/k/a Flaco,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  Michael F. Urbanski, District Judge.  (5:13-cr-00012-MFU-1)

Submitted:  June 19, 2015        Decided:  June 25, 2015

Before KEENAN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles M. Henter, HENTERLAW, PLC, Charlottesville, Virginia, for Appellant.  Anthony P. Giorno, Acting United States Attorney, Grayson A. Hoffman, Assistant United States Attorney, Harrisonburg, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Alfredo Vergara-Escobar of conspiracy to distribute methamphetamine, 21 U.S.C. § 846 (2012), and three counts of distribution of methamphetamine, 21 U.S.C. § 841(a)(1) (2012). The court sentenced Vergara-Escobar within the Guidelines range to 292 months' imprisonment. On appeal, Vergara-Escobar argues that the district court violated his constitutional rights by enhancing his sentence on the basis of a prior conviction that was neither alleged in the indictment nor proven by a reasonable doubt. He further contests the district court's imposition of a three-level enhancement based on his role as a manager or supervisor in the offense. We affirm.

We review a sentence for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. After determining whether the district court properly calculated the defendant's advisory Guidelines range and gave the parties an opportunity to argue for an appropriate sentence, we analyze whether the district court considered the 18 U.S.C. § 3553(a) (2012) factors and any arguments presented by the parties, selected a sentence not based on "clearly erroneous" facts, and sufficiently explained

2

the selected sentence. Id. at 49-51; United States v. Carter, 564 F.3d 325, 328-30 (4th Cir. 2009). If the sentence is free of "significant procedural error," we review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. Any sentence within a properly calculated Guidelines range is presumptively substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

Relying on Alleyne v. United States, 133 S. Ct. 2151 (2013), Vergara-Escobar first argues that the district court violated his Fifth and Sixth Amendment rights by increasing his mandatory statutory minimum sentence based on judicial factfinding of a prior conviction. Contrary to Vergara-Escobar's assertions, there was no error, plain or otherwise, in the district court's imposition of the enhanced penalty. See United States v. Higgs, 353 F.3d 281, 324 (4th Cir. 2003) (reviewing for plain error a constitutional claim raised for the first time on appeal).

In Alleyne, the Supreme Court held that the Sixth Amendment requires a jury to find beyond a reasonable doubt any facts that increase a defendant's mandatory minimum sentence. Alleyne, 133 S. Ct. at 2163-64. The Alleyne Court recognized, and expressly declined to reconsider, however, a narrow exception that allows

3

a judge to find that a defendant's prior conviction occurred. Id. at 2160 n.1 (citing Almendarez-Torres v. United States, 523 U.S. 224 (1998)). "Almendarez-Torres remains good law, and [this Court] may not disregard it unless and until the Supreme Court holds to the contrary." United States v. McDowell, 745 F.3d 115, 124 (4th Cir. 2014), cert. denied, 135 S. Ct. 942 (2015). We therefore reject this argument.

Vergara-Escobar also contends that the district court erred in applying a three-level enhancement for his role as a manager or supervisor in the offense pursuant to U.S. Sentencing Guidelines Manual § 3B1.1(b) (2013). The district court's imposition of a role adjustment is a factual determination reviewed for clear error. United States v. Cabrera-Beltran, 660 F.3d 742, 756 (4th Cir. 2011). The adjustment applies "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." USSG § 3B1.1(b). To qualify for such an enhancement, the defendant must have managed or supervised "one or more other participants." USSG § 3B1.1, cmt. n.2. The enhancement is appropriate where the evidence demonstrates that the defendant "controlled the activities of other participants" or "exercised management responsibility." United States v. Slade, 631 F.3d 185, 190 (4th Cir. 2011).

In challenging the enhancement, Vergara-Escobar argues, as he did below, that he was simply a drug supplier who engaged in common buyer-seller relationships and that his role therefore did not warrant the enhancement. We conclude that the district court did not clearly err in applying the enhancement. At the very least, there were five participants, Vergara-Escobar exercised control over one other co-conspirator, and he directed further drug activity while he was incarcerated.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5